PER CURIAM.
This is an appeal from an order entered by the Judge of Compensation Claims which awarded a third party witness $38 as reimbursement for the cost of photocopying appellant’s medical records. We affirm.
Appellant was claimant in a worker’s compensation proceeding. Appellant made a request of Record Copy Service (RCS) to produce medical records of appellant in RCS’s possession. RCS produced 76 pages and sent claimant a bill for $95.40. Claimant declined to pay the bill. Instead, claimant sent a letter to the JCC objecting to the bill and asking the JCC to set the matter for hearing. The JCC treated the letter as a motion and set the matter for an eviden-tiary hearing. At the hearing appellant’s attorney made the following specific request of the JCC:
What I request that you do is allow them [RCS] to charge a reasonable charge, *770 whatever you think is a reasonable charge, for the copying and to have them redo all the bills....[1]
The JCC determined 50 cents per page to be a reasonable charge for the cost of photocopying the records and ordered appellant to pay RCS $38. This appeal ensued.
On appeal appellant argues that section 440.13, Florida Statutes (198.7) controls the outcome of this matter. That statute provides in pertinent part that the health care provider shall “furnish to the injured employee, or his attorney, on demand, a copy of [his medical records] without charge to the injured employee except actual cost to the health care provider or health care facility furnishing the copy.”[2] (Emphasis added). Appellant argues that a representative of RCS admitted on cross-examination that the cost of a photocopy is only five cents and thus five cents per copy is the actual cost which should be allowed. In this case that would mean that the total to which RCS would be entitled is $3.80. Alternatively appellant argues there is no record evidence to support the JCC’s finding that 50 cents per page is a reasonable amount.[3] We reject both of appellant’s arguments.
There is no evidence in this record that appellant made a request pursuant to section 440.13 to receive his records from his medical provider. What the record does suggest is that appellant sent a subpoena to RSC to produce the records pursuant to Florida Rule of Civil Procedure 1.351.[4] That rule provides in pertinent part:
(a) Request; Scope. A party may seek inspection and copy of any documents or things ... from a person who is not a party by issuance of a subpoena directing the production of documents or things when the requesting party does not seek to depose the custodian ... in production of the documents or things.
(c) Subpoena.... The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance on the reasonable costs of preparing the copies.
(Emphasis added). Given that there is no evidence appellant made a request for the documents pursuant to section 440.13 and given that appellant specifically invited the JCC to award a reasonable amount as reimbursement for the costs of photocopying, we cannot say on this record that the JCC erred in not determining and awarding the actual cost of photocopying pursuant to section 440.13.[5]
Moreover, even if we determined that section 440.13 applied the record is clear that five cents per copy is not the actual cost to the medical provider. Appellant makes too much of the statement by RCS’s representative on cross-examination that the actual cost of the copying is five cents per page. That testimony refers only to the cost associated with the photocopy machine itself. As the RCS representative testified on direct examination, the actual cost of making a copy varies with the number of copies being made and involves far more than the copier cost itself, such as reviewing the request, locating the records, and paying the clerk who makes the copies. The RCS representative testified that the *771 actual cost of making these copies was approximately $1.50 per page.
Finally, the testimony that the actual cost of making these copies was $1.50 per page is sufficient evidence to support the JCC’s finding that 50 cents per page was a reasonable amount.
Accordingly, we affirm the order on appeal.
ERVIN, WIGGINTON and MINER, JJ., concur.

. In the lower tribunal there were three bills involving three separate claimants. The other two claimants have not appealed.

. The statute was amended in 1988 and now provides:
The health care provider ... shall ... furnish to the injured employee ... a copy of his office chart, records and reports and may charge ... an amount authorized by the Division for the copies.
(Emphasis added).

. Appellant’s brief admits there is competent evidence to support a finding that 25 cents a page is reasonable.

. Neither party introduced the subpoena into evidence but it was discussed by counsel and the JCC at the hearing.

. Although the JCC’s order states that section 440.13 is the relevant section, the JCC determined what a reasonable amount would be, not the actual cost. The JCC’s action is understandable in light of appellant's specific invitation to “allow [RCS] a reasonable charge."